UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS VON SCHIRMER,<br><br>               Plaintiff,<br><br>  v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee for STANWICH MORTGAGE, MERS INC., COUNTRYWIDE HOMELOANS, and DOES 1-100, inclusive,<br><br>               Defendants. | CASE NO. 17-5953 RJB<br><br>ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

This matter comes before the Court on the Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. 1. The Court has considered the application and remaining file.

On November 20, 2017, Plaintiff filed a proposed complaint and request for injunction relating to real property commonly known as 156 Peppermill Road, Kelso, Washington against his lender and others (Dkt. 1-1) and the pending application for IFP (Dkt. 1). The Court will first review the proposed complaint and then address the application.

**REVIEW OF THE PROPOSED COMPLAINT**

ORDER RENOTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 1

**Review of the Complaint.** The court has carefully reviewed the proposed complaint in this matter. Because plaintiff filed this proposed complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Even so, the proposed complaint is difficult to understand, and is not "a short and plain statement of the claim showing that the pleader is entitled to relief," as is required by Fed. R. Civ. P. 8 (a)(2). Pursuant to Fed. R. Civ. P. 8 (a):

> **Claim for Relief**. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

In his proposed complaint, Plaintiff alleges that sometime in 2007-2008 he began refinancing his mortgage with Countrywide Home Loans Inc. ("Countrywide") 90 days before the interest rate went up under his adjustable rate mortgage. Dkt. 1-1, at 7. Plaintiff asserts that "the process should have taken no more than two (2) weeks to one (1) month maximum" and that by 60 days Plaintiff could see that Countrywide "was maliciously and intentionally dragging the process on and on." *Id.* Plaintiff asserts that it took so long, his interest rate and monthly

ORDER RENOTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 2

payment rose considerably. *Id.* Plaintiff maintains that someone who worked at Countrywide called him and told him that Countrywide was going out of business. *Id.,* at 8. Plaintiff states that he "made the decision to protect [his] good name by putting the note in [his] friend, Bruce Smith's, name." *Id.* Plaintiff asserts that the "[t]he current holder of the note claims [he is] in arrears and wants to conveniently try to steal [his] home without even making contact with him – unless you consider papers that were left on the sidewalk outside of [his] house." *Id.*

Plaintiff references due process and "individual civil rights pertaining to the constitution of the United States" and maintains that "[c]auses of action exist from divergent paths taken by both the mortgage note and deed and trust," and that there is "no definitive claimant of ownership of the note(s) due to the divergent paths taken." Dkt. 1-1, at 4-5. He also states that "this action cites: fraud, negligence, and misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures." *Id.,* at 5. Plaintiff asserts that there is "no valid trustee's deed." *Id.* Plaintiff claims damages of $3,500,000.00, but, despite the title of the proposed complaint, doesn't identify the injunctive relief he seeks. *Id.*

**Sua Sponte Dismissal**. A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Unless it is absolutely clear that no amendment

can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

### A. CLAIM FOR VIOLATION OF CONSTITUTIONAL RIGHTS

In order to state a claim for violation of a federal constitutional right under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he or she claims that each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff's proposed complaint, which explicitly references the constitution, does not allege any factual support to find that any of the defendants "acted under the color of law." Plaintiff does not assert that any of the defendants are governmental actors or any other facts that would lead to their liability under § 1983. He has failed to state a claim for relief under § 1983 for violation of his constitutional rights that can be granted.

### B. CLAIM FOR FRAUD

As a federal court sitting in diversity, this Court is bound to apply substantive state law. *State Farm Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir.

2003).  This Court is obligated to apply federal procedural law.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Under Fed. R. Civ. P. 9 (b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  *Kearns,* at 1124.

Plaintiff's proposed complaint fails to allege any factual support for his fraud claim as to any of the Defendants.  Even if Plaintiff is asserting only state law claims for fraud, Fed. R. Civ. P. "9(b)'s particularity requirement applies to these state-law causes of action."  *Kearns*, at 1125.  Plaintiff has failed to plead a claim for fraud with particularity.

### C.  CLAIM FOR NEGLIGENCE

In Washington, a plaintiff making a claim for negligence must show: "(1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Mucsi v. Graoch Associates Ltd. P'ship No. 12*, 144 Wn.2d 847, 854 (2001)(*internal quotations and citations omitted*).

Plaintiff has failed to plead that any facts to support a claim for negligence against any of the Defendants. Moreover, it is unclear when any of these events took place.

### D.  CLAIM FOR NEGLIGENT MISREPRESENTATION

In Washington,

> A plaintiff claiming negligent misrepresentation must prove by clear, cogent, and convincing evidence that (1) the defendant supplied information for the guidance

of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages.

*Ross v. Kirner*, 162 Wn.2d 493, 499, 172 P.3d 701, 704 (2007).

Plaintiff has also failed to plead a claim for negligent misrepresentation. Plaintiff has not plead any facts which support any of the six elements.

**Leave to Amend**. Plaintiff should be granted leave to file a proposed amended complaint to attempt to state a claim upon which relief can be granted on or before December 22, 2017. Plaintiff should <u>clearly</u> comply with Rules 8 and 9 (b) in any proposed amended complaint. Failure to do so may result in dismissal of the case. Further, although Plaintiff states that he seeks injunctive relief, he fails to identify any; he should tell the court what injunctive relief he wants in any proposed amended complaint. Plaintiff's application for IFP (Dkt. 1) should be renoted to December 22, 2017.

It is **ORDERED** that:

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) **IS RENOTED** to **DECEMBER 22, 2017**; and

- Plaintiff may, if he chooses, file a proposed amended complaint, clearly complying with Rules 8 and 9 (b), by **DECEMBER 22, 2017.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

/ / /

/ / /

/ / /

Dated this 22nd day of November, 2017.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge